# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 10-10386-RGS |
| ) | |
| PATRICK LEE, ) | |
| ) | |
| Defendant ) | |

### REPORT AFTER FINAL STATUS CONFERENCE
### PURSUANT TO LOCAL RULE 116.5 (c) and ORDER ON EXCLUDABLE TIME

### April 23, 2018

Hennessy, M.J.

Defendant Patrick Lee is charged in an indictment with twenty-nine counts of Wire Fraud, in violation of 18 U.S.C. § 1343, six counts of Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957, and sixteen counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. I scheduled a Final Status Conference in Worcester for April 23, 2018. However, prior to the conference counsel filed a joint memorandum that addresses Local Rule 116.5(c) and obviates the need for the conference. The conference is therefore canceled and I report as follows:

**Local Rule 116.5(c)(2)**

The parties move for a pretrial conference before District Judge Stearns in order to schedule a trial date.

A. All discovery, other than so-called 21-day materials, have been produced.

B. All discovery requests and discovery motions have been resolved.

C. Defendant does not intend to file any pretrial motions.

[handwritten margin note: Noted R/h Stearns DJ 4-30-18]

D. Pursuant to orders of this court, I have excluded the period from November 9, 2017 (the date of Defendant's arraignment on the Indictment), through April 23, 2018 (the date of the Final Status Conference) from the time in which trial of this case must commence. The parties further agree that the period from April 23, 2018 through the initial pretrial conference before Judge Stearns should be excluded under the interest of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). I will allow that request and enter a separate written order below. It appears that no days are chargeable against the statutory speedy trial clock.

E. The parties estimate that trial will require two weeks.

**Local Rule 116.5( c)(3)**

The government's expert disclosures, if any, shall be due six weeks before trial, and that Defendant's expert disclosures, if any, are due four weeks before trial.

Defendant does not intend to raise defenses of insanity, public authority, or alibi.

There are no other matters to bring to the District Judge's attention.

**Order on Excludable Time**

I hereby ORDER the exclusion of time from Monday, April 23, 2018, the date of the Final Status Conference, through the date of the initial pretrial conference before Judge Stearns, pursuant to 18 U.S.C. § 3161(h)(7)(A), because I find that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy trial. Specifically, this case was indicted eight years ago; it involves an array of charges arising from allegations of fraud; and, Defendant, who is detained, has been restricted in his ability to review discovery. I find that to not grant such a continuance would deny both the United States and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[1]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).