UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 10-10386-PBS |
| ) | |
| PATRICK LEE, ) | |
| Defendant. ) | |

**PATRICK LEE'S RESPONSE TO
THE GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant, Patrick Lee, submits this brief response to the Government's Sentencing Memorandum to clarify his position. In addition, Mr. Lee advises the Court that he is NOT seeking an evidentiary hearing at sentencing.

1. **Mr. Lee Will Not Contest the Government's Facts at Sentencing.**

At the sentencing hearing defendant will not pursue his objections to the Government's statement of facts adopted by the Probation Department in its Pre Sentence Report and continues to accept responsibility. Mr. Lee was attempting to make the point in his objections that he is guilty but not of every minutiae included in the Government's statement of facts. Resolution of those precise details is not worth the time and expense of conducting an evidentiary hearing or risking a reduction for acceptance of responsibility for the offenses of conviction. Perhaps Mr. Lee did not articulate his position clearly in his objections to the PSR. Blame that on his counsel. But, he did not intend to reject responsibility.

2. **The Government and Lee Are on the Same Page with Respect to Certain Enhancements.**

At sentencing, Mr. Lee and the government will contest the (1) two level enhancement for sophisticated means under USSG §2B1.1(b)(10(C) (see ¶69 of the PSR), and (2) the four level enhancement for organizer/leader role (see ¶72 of the PSR).

1

Mr. Lee's objections to the statement of facts submitted by the government to the Probation Department, in broad terms, were that the government painted a picture of Lee as having knowledge of or controlling every facet of the mortgage fraud scheme. Because the government acknowledges that Lee was not the organizer or leader of the scheme and that the scheme did not involve sophisticated means, many of its statement of facts were puzzling. Because Eric Archambault prepared and submitted most of the loan applications and Dwight Jenkins found straw buyers to buy the properties they too had knowledge of and control over material aspects of the fraud. We believe their knowledge of and acts undertaken to carry out the fraud form the basis for the government's position that Mr. Lee was not the organizer or leader of the scheme and that the fraud did not involve sophisticated means.

3. **Mr. Lee Requests That This Court Enforce the Terms of the Plea Agreement With Respect to Loss Amount.**

In the negotiated Plea Agreement, a loss amount was specified as "more than $1.5 million but not more than $3.5 million." See ¶ 3.b) of the Plea Agreement dated November 1, 2018. The loss results in a 16 point increase in Mr. Lee's Base Offense Level. The government did not amend that amount at the Rule 11 change of plea hearing several weeks later.

The Government's post-Plea Agreement/Rule 11 hearing position on the loss amount is that the lower loss figure it identified in the executed Plea Agreement was a mistake despite the fact that the parties conducted extensive and detailed negotiations leading to the Plea Agreement. The terms of the plea agreement were negotiated over many days and certainly were not quick or precipitous. There were several drafts of the Plea Agreement and the government failed to amend the loss amount throughout the exchange of those drafts. Mr. Lee learned of the government's revised position for the first time when it submitted its statement of facts to the Probation Department in connection with the Pre Sentence Report.

The government's post-Plea Agreement position put the loss at more than $3.5 million resulting in an 18 point increase in Mr. Lee's Base Offense Level. The PSR adopted the higher loss amount and ignored the Plea Agreement. At no point did the government contact Mr. Lee to re-negotiate the Plea Agreement despite the material change in its position.  Mr. Lee relied on the negotiated terms in the Plea Agreement and did not expect there to be a unilateral and undiscussed alteration of any of those terms.  The Plea Agreement should be enforced according to its terms including ¶ 3.b).

This Court should also consider the arguments made by Mr. Lee in his objections to the PSR that the loss is, in fact, below $3.5 million which we will be prepared to argue at the upcoming sentencing hearing.

4. **Mr. Lee Intends to Argue for a Guidelines Variance Based on Extraordinary Family Ties.**

The major focus of Mr. Lee's sentencing argument for a variance in the sentencing guidelines will be for (1) the extraordinary family ties and circumstances resulting from his wife's disability and lack of substitute caretaker, and (2) his record of compliance with all conditions of release over a five year period imposed by the Irish courts demonstrating that he is not a risk to the public, all as detailed in his original Sentencing Memorandum.

5. **Mr. Lee Requests a *Recommendation* from this Court to Serve His Sentence In Ireland.**

The Government argues on page 5 of its Sentencing Memorandum that "a district court is not authorized to designate a facility where a defendant will serve his sentence."  The statute cited by the Government also requires the Bureau of Prisons to consider a recommendation by the Court on where the defendant shall serve his sentence.  See 18 U.S.C. §3621(b)(4)(B). Pursuant to that section of the statute, Mr. Lee requests the Court to make a recommendation that

he serve his sentence in Ireland where he resides to be closer to his family. The recommendation must be included in the Judgment and Commitment Order of the Court for the BOP to take it into account.  BOP's policy is to make every effort to comply with the court's recommendation. Therefore, this Court's recommendation, while not binding on the BOP, carries significant weight and Mr. Lee asks that this Court make the requested recommendation.

|  |  |
|---|---|
|  | Patrick Lee |
|  | By his attorney, |
|  | */s/ Valerie S. Carter* |
|  | Valerie S. Carter, BBO No. 545412 |
|  | CARTER & DOYLE LLP |
|  | 110 Cedar Street, Suite 250 |
|  | Wellesley Hills, MA 02481 |
|  | 781.235.4400 |
| DATED: February 25, 2019 | vcarter@carterdoyle.com |

## CERTIFICATE OF SERVICE

I, Valerie S. Carter, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 25, 2019.

Dated: February 25, 2019                             /s/  Valerie S. Carter